# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA LUCIA PONCE, Plaintiff, | CV 19-10115 DSF (JPRx) |
| v. | Order GRANTING Motion to Remand (Dkt. No. 17) |
| TARGET CORPORATION, Defendant. | |

This case was removed from state court on the basis of diversity. After removal, Plaintiff filed a first amended complaint under Rule 15(a) that added a non-diverse individual defendant to the case. Defendant did not object to the filing of the first amended complaint. Plaintiff now moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 27, 2020 is removed from the Court's calendar.

The non-diverse individual defendant is an employee of corporate defendant Target Corporation. Target argues that the non-diverse defendant is fraudulently joined because Target would be responsible for its employee's torts under the doctrine of respondeat superior. But the vicarious liability of the principal is not a defense for the agent in this context. Even if Target would also be liable to Plaintiff under respondeat superior, that does not absolve the individual defendant from liability for her own torts. See Gosliner v. Briones, 187 Cal. 557, 563 (1921) ("The fact that defendant Frank Briones was an employee of defendants William and Belle Latter in removing the house and windmill does not relieve him from liability for his acts."); Miller v.

Stouffer, 9 Cal. App. 4th 70, 84 (1992) ("Barrientos's negligence is imputed to her employer pursuant to the doctrine of respondeat superior. Thus, Stouffer stands in Barrientos's shoes and the entire liability of these two defendants toward Miller is co-extensive.").

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.


Date: January 16, 2020

Dale S. Fischer
United States District Judge